UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-10939-RGS

LORENZO TORRES

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCMENT

MEMORANDUM AND ORDER

February 20, 2026

STEARNS, D.J.

For the reasons stated below, the motion to proceed *in forma pauperis* is denied without prejudice.  If petitioner wishes to proceed with a habeas action, he  must resolve the filing fee and file a petition for writ of habeas corpus.

BACKGROUND

Petitioner Lorenzo Torres, an inmate at Federal Medical Center, Devens, in Ayer, Massachusetts, filed a *pro se* "Motion to Review U.S. Immigration Final Order of Removal and a 2241 Requesting that the Conspiracy Charge Be Remove[d] Due to New Law of Leadership" (hereinafter, "the petition") in the United States Court of Appeals for the First  Circuit.  *See Torres v. Bondi*, No. 25-2202 (1st Cir.).  On February 20, 2026, the appeals court transferred the pending motion to proceed *in forma pauperis* and the petition to the District of Massachusetts so that the district

court may determine in the first instance whether the petition may be entertained as a habeas petition of some sort and/or whether the petition may be construed as some other type of filing within the jurisdiction of the district court. *Id.*

The action was randomly assigned to the undersigned, *see* Doc. No. 2, and the petition and attachments were entered on the docket as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *See* Doc. No. 1. The petition names as respondent U.S. Immigration and Customs Enforcement. *Id.* at 5 - 6. Among other things, petitioner states that his constitutional rights were violated because he was "issued a final order of removal ithout seeing an immigration judge." *Id.* at 5. In addition to challenging the order of removal, the determination that he is ineligible for credits under the First Step Act. *Id.*

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The motion to proceed *in forma pauperis* will be denied without prejudice because it was filed without a copy of petitioner's prison account statement.

A party filing a habeas action in the district court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Any motion for leave to proceed

without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases.

## STANDARD OF REVIEW

The petition has not been served pending the court's preliminary review of the document. *See McFadden v. Warden, FCI Danbury*, No. CV 22-30062-KAR, 2022 WL 1556026, at *2 (D. Mass. May 17, 2022) (explaining that 28 U.S.C. § 2243 provides that if it appears from the application that petitioner is not entitled to relief, the district court is not required to serve the petition on respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") (providing that, if it "plainly appears from petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

## DISCUSSION

Section 2241 gives the federal courts jurisdiction to provide habeas relief "within their respective jurisdictions" to prisoners who are "in custody

---

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the District Court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).

A § 2241 petition must be brought against the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (immediate custodian, not supervisory official exercising legal control, of petitioner is proper respondent in habeas action); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) (immigration detainee "normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained").

To the extent petitioner seeks to challenge the calculation of prison credits, he may wish to file a 2241 petition seeking such credits.   A § 2241 petition "can be used, among other things, to challenge the 'manner of execution' of a federal sentence." *Cockerham v. Boncher*, 125 F.4th 11, 13 (1st Cir. 2024) (quoting *Muniz v. Sabol*, 517 F.3d 29, 33-34 (1st Cir. 2008)).   A petitioner may challenge "computation of a prisoner's sentence by prison officials via a section 2241 petition." *Walsh v. Boncher*, 652 F. Supp. 3d 161, 164 (D. Mass. 2023) (cleaned up).   Before filing a § 2241 petition, a federal inmate must exhaust his administrative remedies.  *Id.* at  167 ("Ordinarily, a federal inmate must exhaust the BOP's administrative remedies before filing a section 2241 petition in federal court.");  *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999). However, there is "the potential for a waiver of the

administrative exhaustion requirement for § 2241 petitions where a petitioner can show that fulfilling the requirement would be futile." *Levine v. U.S. Dep't of Fed. Bureau of Prisons*, No. 20-cv-11833, 2021 WL 681689 at *3 (D. Mass. Feb. 22, 2021).

To the extent petitioner seeks to challenge his custody under a final order of removal, noncitizens may file a § 2241 petition challenging their removal proceedings to the extent they claim that they are in custody in violation of federal law.  As noted by the First Circuit, petitioner makes only vague references to an order of removal and he does not attach a copy of any order to his petition.  Doc. No. 1 at 21.

## ORDER

For the foregoing reasons, it is hereby ordered as follows:

1.    The motion for leave to proceed *in forma pauperis* is DENIED.

2.    If petitioner wishes to proceed with a habeas action, within 35 days of the date of this Order, petitioner must (1) either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* accompanied by a certified prison account statement, (2) and file a petition for writ of habeas corpus.  Failure of petitioner to timely comply with these directives will result in the dismissal of this action without prejudice.  The Clerk shall provide petitioner with an Application to Proceed in District Court Without Prepaying Fees or Costs and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE