UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-10939-RGS

LORENZO TORRES

v.

UNITED STATES OF AMERICA

ORDER DISMISSING PETITION

April 15, 2026

STEARNS, D.J.

On February 20, 2026, Petitioner Lorenzo Torres, an inmate at Federal Medical Center Devens, was ordered to (1) either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* accompanied by a certified prison account statement and (2) file a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt #3. On March 6, 2026, he filed a motion in response. Dkt #5. Because he failed to file a petition or address the filing fee, on March 27, 2026, he was granted an extension of time to do so. Dkt #6.

On April 14, 2026, Torres filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt #8, and motion for leave to proceed *in forma pauperis*. Dkt # 9.

Torres' petition has not been served pending the court's preliminary review of the pleading. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not

entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1] Torres challenges the 120-month sentence imposed on January 12, 2023 in the U.S. District Court for the Southern District of New York. Petition [Dkt #8 ¶¶ 4, 6], *United States v Torres*, No. 1:21-cr-466-001-LAK (S.D.N.Y. Jan. 12, 2023) (No. 1:21-cr-466-001-LAK). According to the docket of the criminal proceedings, Torres pled guilty to conspiracy to distribute narcotics in violation of 21 U.S.C. § 846.[2] Judgment, No. 1:21-cr-466-001-LAK, Dkt # 89. On May 14, 2025, the sentencing court granted Torres' motion for appointment of counsel to represent him in filing a motion for compassionate release or sentence reduction. Order, No. 1:21-cr-466-001-LAK, Dkt #113.

---

[1] The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Proceedings. Under Rule 4 of the Rules Governing Section 2254 Proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

[2] The court takes judicial notice of these proceedings. *See Wiener v. MIB Group, Inc.,* 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

The petition names the United States as respondent. Pet. [Dkt #8]. He states that his sentence is too "long." *Id.* ¶ 6. Torres has not filed a motion under 28 U.S.C. § 2255 explaining that the time has lapsed for his seeking § 2255 relief. *Id.* ¶ 10(c). For relief, he seeks to have this court grant him "time served." *Id.* ¶ 15. In addition, Torres seeks to challenge an immigration detainer. *Id.* ¶ 5. On December 10, 2025, he filed an appeal with the Board of Immigration Appeals (BIA) and has "not heard from [the BIA]." *Id.* ¶ 11(c).

Generally, petitions brought pursuant to § 2241 may attack only the execution—not the validity—of a sentence. *See United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999); *Dinkins v. Boncher*, No. 21-cv-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). If a person serving a federal sentence wishes to bring a collateral challenge to the validity of his sentence, he usually must file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, which imposes certain procedural restrictions, including the requirement that the petitioner file his motion with the sentencing court. *See* 28 U.S.C. § 2255(a). While § 2255 does contain a "savings clause" exception that permits a challenge to the validity of a sentence under § 2241 in circumstances where "the remedy by [Section 2255 motion] is inadequate or ineffective to test the legality of his detention," *id.* § 2255(e), the clause only extends to "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the

sentencing court," *Jones v. Hendrix*, 599 U.S. 465, 474 (2023); *see also Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (the savings clause applies in cases where "the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification'" (citation omitted)); *Barrett*, 178 F.3d at 38 (cautioning that a prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241").

Here, Torres has failed to demonstrate that he has been denied "any opportunity for judicial rectification." *Trenkler,* 536 F.3d at 99 (citation and quotation marks omitted).  Under the circumstances, the petition does not fall within the savings clause's narrow carve-out, and the court thus lacks jurisdiction over his petition.  To the extent Torres seeks to challenge a final order of removal, this court lacks jurisdiction to consider a challenge to the validity of a final order of removal through a § 2241 petition.  8 U.S.C. § 1252(a)(5); *see also Nasrallah v. Barr*, 590 U.S. 573, 580 (2020); *Ishak v. Gonzales*, 422 F.3d 22, 28-29 (1st Cir. 2005) (explaining that district courts have no habeas jurisdiction over final orders of removal).

Accordingly, it is hereby ordered:

1.    The petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 is DENIED.

2.    The motion in response to judgment (Dkt #5) is DENIED.

3.   Because the motion for leave to proceed *in forma pauperis* (Dkt #9) is not accompanied by a copy of Torres' prison account statement, it is DENIED without prejudice.

4.   This action is DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

5